IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cr143

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| CHARLES FRANKLIN KNIGHT | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for review of

detention. (Doc. No. 7). He challenges whether his consensual plea before a magistrate judge is a

finding of guilt; whether his offense is a crime of violence; and whether exceptional

circumstances are present to justify his release.[1]

A district court is required to make an independent, de novo determination when acting on

a motion to review a magistrate judge's pretrial detention order. United States v. Stewart, 19 Fed.

Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir.

1992); United States v. Brooks, 324 F. Supp. 2d 784, 785 (W.D.N.C. 2004). However, a district

court is not required to hold an additional evidentiary hearing as part of its review. United States

v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir.

1989).

The defendant pled guilty to Count One of the information on August 27, 2009, charging

possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. No. 2: Plea

Agreement; Doc. No. 4: Acceptance and Entry of Guilty Plea). A plea before a magistrate judge

_____

[1] The defendant conceded in his plea agreement that he has been found guilty of a crime
of violence pursuant to 18 U.S.C. § 3143(a)(2). (Doc. No. 2: Plea Agreement at ¶ 4).

is a final and binding. United States v. Benton, 523 F.3d 424, 433 (4th Cir. 2008). His offense is expressly defined by 18 U.S.C. § 3156(a)(4)(C) as a crime of violence.[2] Therefore, he is subject to detention pursuant to § 3143(a)(2), unless the Court finds exceptional reasons why his detention would not be appropriate, under § 3145(c).

The Court has considered the entire record of this case, including the plea and detention hearing before the magistrate judge.[3] The defendant has not put forward any evidence to show that he meets the criteria for release under § 3143(a)(2). The Court is not persuaded by the defendant's argument that exceptional circumstances under § 3145(c) are present in this case. The factors argued during the detention hearing are the typical factors to consider under § 3142(g). Additionally, the defendant has not shown that his medical needs can not be accommodated while detained.

**IT IS, THEREFORE, ORDERED** that the defendant's motion (Doc. No. 7) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: September 21, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] The Court reads the motion's reference to 18 U.S.C. § 922(g) as a typographical mistake.

[3] This hearing has not been transcribed, but the Court has reviewed an audio recording of the proceedings.